```
1                  UNITED STATES DISTRICT COURT

2                      DISTRICT OF ARIZONA

3  United States of America,    )
                                )
4             Plaintiff,        )
                                )
5  vs.                          )   CR-20-01968-TUC-JAS-LAB
                                )
6  Meghan Taylor Wilkins,       )
                                )
7             Defendant.        )   Tucson, Arizona
   _____)    December 1, 2021
8

9               TRANSCRIPT OF PROCEEDINGS
                 CHANGE OF PLEA HEARING
10          BEFORE THE HONORABLE LESLIE A. BOWMAN
               UNITED STATES MAGISTRATE JUDGE
11

12  APPEARANCES:

13  For the Plaintiff:
        Ms. Alicia Renee Quezada
14      U.S. Attorney's Office
        405 West Congress Street, Suite 4800
15      Tucson, AZ  85701

16  For the Defendant:
        Mr. Matthew S. Hilscher
17      Canterbury Law Group, LLP
        14300 North Northsight Boulevard, Suite 129
18      Scottsdale, AZ  85260

19

20  Transcribed by:
        Aaron H. LaDuke
21      405 W. Congress St., Suite 1500
        Tucson, Arizona  85701
22      (520) 205-4264

23

24
              Proceedings were digitally recorded
25         Transcript prepared by transcriptionist
```

```
 1                      P R O C E E D I N G S
 2            (Call to order of court.)
 3            THE CLERK:  CR-20-1968, Defendant No. 2, United
 4   States of America versus Meghan Taylor Wilkins.  It's
 5   scheduled for a pretrial conference and a change of plea.
 6       Counsel, please state your appearance for the record.
 7            MS. QUEZADA:  Alicia Renee Quezada on behalf of the
 8   government.  Good morning, Your Honor.
 9            THE COURT:  Thank you.  Good morning.
10            MR. HILSCHER:  Good morning, Your Honor.  Matt
11   Hilscher for Meghan Wilkins, who is present and out of
12   custody, at the defense table.
13            THE COURT:  Thank you very much.
14       And good morning, Ms. Wilkins.
15            THE DEFENDANT:  Good morning.
16            THE COURT:  Ma'am, my name is Leslie Bowman.  I'm the
17   magistrate judge.  Because you're pleading guilty to a felony
18   today, you have the right to have this hearing in front of the
19   district judge.  That's Judge Soto.  He has more authority
20   than I do, but you signed a written consent form and it
21   authorizes me to conduct your hearing.
22       Did your lawyer explain that form to you before you
23   signed it?
24            THE DEFENDANT:  Yes, ma'am.
25            THE COURT:  Thank you.
```

1     Also, before we go further with the hearing, I'm going to
2 have you placed under an affirmation.  After that, if you
3 answer any questions falsely, you could be charged with
4 perjury.
5     Do you understand?
6          THE DEFENDANT:  Yes, ma'am.
7          THE COURT:  Would you please raise your right hand.
8          THE CLERK:  Do you affirm that you will truthfully
9 answer all questions asked of you in your case now before this
10 Court?
11          THE DEFENDANT:  Yes.
12          THE CLERK:  Thank you.
13          THE COURT:  And is your true name Meghan Taylor
14 Wilkins?
15          THE DEFENDANT:  Yes.
16          THE COURT:  How old are you?
17          THE DEFENDANT:  I'm 22.
18          THE COURT:  How far did you go in school?
19          THE DEFENDANT:  I did two years at community college
20 after I graduated high school.
21          THE COURT:  In the last two days, have you had any
22 drugs, prescription medicines, or alcoholic beverages?
23          THE DEFENDANT:  No.
24          THE COURT:  Have you been treated recently for any
25 kind of a mental or an emotional condition?

1        THE DEFENDANT:  I did go to a psychiatrist for a
2   little bit after I was released, but I have finished all of my
3   medication and my psychiatrist said I didn't need to take it
4   anymore.
5        THE COURT:  Okay.  So do you feel that whatever you
6   were being treated for is under control today?
7        THE DEFENDANT:  Yes.
8        THE COURT:  Okay.  Thank you.
9       Mr. Hilscher, do you believe that your client is
10  competent to enter her plea?
11       THE WITNESS:  Based on the conversations I've had
12  with her recently, Your Honor, I see no reason why she
13  wouldn't be, so yes.
14       THE COURT:  Okay.  Thank you.
15      Ms. Wilkins, I have your written plea agreement here.
16  I'm just going to take a quick look at this.
17       It looks like you signed the document.  Before you signed
18  it, did your lawyer review it with you?
19       THE DEFENDANT:  Yes.
20       THE COURT:  And was he able to answer all of your
21  questions?
22       THE DEFENDANT:  Yes.
23       THE COURT:  The district judge who is assigned to
24  your case is Judge Soto.  He doesn't have to accept
25  this agreement, but once he does, you won't be allowed to

```
 1  withdraw from it.
 2       Do you understand the terms and conditions of your plea
 3  agreement?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  Did anyone promise you anything that is
 6  not included in the agreement?
 7            THE DEFENDANT:  No.
 8            THE COURT:  Did anyone force you or threaten you to
 9  plead guilty?
10            THE DEFENDANT:  No.
11            THE COURT:  Your plea agreement says that you're
12  going to plead guilty to Count One -- excuse me, to Count Five
13  of the indictment.  That count charges you with conspiracy to
14  import cocaine and methamphetamine.  At the time of
15  sentencing, the remaining counts, One, Three, Four, Seven, and
16  Eight, those will be dismissed.
17       The maximum penalties that you face for this offense that
18  you're pleading guilty to today are a fine of up to $10
19  million, up to life imprisonment with a mandatory minimum term
20  of ten years, between five years and a lifetime of supervised
21  release, and there's a $100 mandatory special assessment.
22       Do you understand the maximum penalties?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Ms. Wilkins, you have an agreement with
25  the government regarding sentencing.  It depends on your
```

1 criminal history category.  It also depends on whether you
2 qualify for the provisions of the Safety Valve Act.  If you do
3 qualify for safety valve, the lowest sentence you could
4 receive, according to the plea agreement, is 70 to 87 months.
5 The highest is 100 to 125 months.
6     Actually, let me state that a different way.  Those are
7 the ranges shown in your plea agreement.  However, the
8 agreement allows your lawyer to argue for you, at the
9 sentencing hearing, for a sentence that is lower than those
10 ranges.
11     If you do not qualify for the Safety Valve Act, the
12 lowest sentence you could receive would be 120 months.  The
13 highest range in your plea agreement in that case would be 151
14 to 188 months.  Your lawyer could argue below the top three
15 sentencing ranges but only down to 120 months.
16     Do you understand the sentencing agreement?
17         THE DEFENDANT:  Yes.
18         THE COURT:  Ma'am, the federal sentencing guidelines
19 do apply in your case.  They're only advisory, but Judge Soto
20 still has to take a look at those.  He'll make an accurate
21 determination of the range that applies to you before he
22 sentences you.
23     When you finish serving your sentence, you might serve a
24 term of supervised release.  If you violate any of the
25 conditions of the supervised release, you could be brought

1  back into court and be sentenced to serve that term of years
2  in prison in the same case.
3      In addition to the penalties that I already explained to
4  you, if you commit another crime in the United States, this
5  conviction can be used against you to increase any prison
6  sentence you might receive.
7      Also, you're pleading guilty to a drug offense, so you
8  and your immediate family might not be eligible for certain
9  government benefits.
10     Also, if you are not a United States citizen, this
11 conviction would result in you being deported and removed from
12 the United States, and you would be excluded from reentering
13 the country in the future.
14     Ms. Wilkins, according to the written agreement, as long
15 as Judge Soto sentences you by the terms of the agreement,
16 you're giving up your right to appeal and your right to
17 collaterally attack or to challenge the conviction and the
18 sentence.
19     Are you aware that you're giving up those rights?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Ma'am, since you've been accused of a
22 crime, you have a number of constitutional rights.  If you
23 plead guilty today, you're going to give up some of those
24 rights.
25     You have the right to be represented by your lawyer in a

1  trial if you would have chosen to take this case to trial, and
2  then you also have the right to have your lawyer represent you
3  at sentencing if you were found to be guilty.  You have that
4  same right if you plead guilty.  You have privately hired your
5  attorney to represent you in that case, but if you were unable
6  to do that, the Court would appoint a lawyer to represent you
7  and that would be at no cost to you.
8       Ms. Wilkins, your right to trial is the right to a jury
9  trial in front of 12 citizens randomly selected from this
10 district.  You and your lawyer would help choose those jurors,
11 and you could not be convicted unless all 12 jurors were first
12 convinced that you were guilty.
13      At trial, the jury would be instructed that you are
14 presumed innocent.  You do not have to prove that you're
15 innocent.  The government has to prove that you're guilty
16 beyond a reasonable doubt.
17      You have the right to have the government's witnesses
18 brought into court so that they would testify in your
19 presence; and then, through your lawyer, you would have the
20 right to cross-examine those witnesses.
21      You would also have the right to subpoena your own
22 witnesses to force them to come to court and testify for you.
23      If you went to trial, you would have the right to testify
24 in your own defense; but if you didn't want to and you chose
25 to remain silent, the jury would be instructed that it could

1  not use your silence against you in any way.
2        Ms. Wilkins, do you understand all the rights I've
3  explained to you today?
4             THE DEFENDANT:  Yes.
5             THE COURT:  Do you have any questions?
6             THE DEFENDANT:  I don't think so.
7             THE COURT:  Okay.  And, Mr. Hilscher, do you believe
8  that your client understands the rights she's giving up, the
9  penalties she's facing, the consequences of pleading guilty,
10 and the terms that are in her agreement?
11            MR. HILSCHER:  Yes, I believe so, Your Honor.
12            THE COURT:  Thank you.
13       Ms. Wilkins, Count Five of the indictment charges that
14 beginning from a time unknown until about September 12th,
15 2020, in the District of Arizona, Ashley Eden Ray and you did
16 knowingly and intentionally combine, conspire, confederate,
17 and agree together and with other people known and unknown to
18 the grand jury to import into the United States from the
19 Republic of Mexico less than 500 grams of cocaine and 50 grams
20 or more of methamphetamine or 500 grams or more of a mixture
21 or substance containing a detectable amount of
22 methamphetamine.
23       Do you understand the charge?
24            THE DEFENDANT:  Yes.
25            THE COURT:  On about September 12th of 2020, did you

1  and Ashley Ray enter the United States from the Republic of
2  Mexico through the DeConcini Port of Entry near Nogales,
3  Arizona?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Was Ms. Ray the driver and registered
6  owner of the 2017 Honda Accord that you were a passenger in
7  that day?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Did you know that the vehicle contained
10 some sort of illegal drugs when the two of you entered the
11 United States from Mexico?
12         THE DEFENDANT:  Yes.
13         THE COURT:  The government says that it can prove
14 that the vehicle contained 9.82 kilograms of methamphetamine
15 hidden in the doors and that Ashley Ray had 176.5 grams of
16 cocaine hidden on her person and that you had 91 grams of
17 cocaine hidden on your person.
18      Is all of that true?
19         THE DEFENDANT:  Yes.
20         THE COURT:  So you knew that there were drugs hidden
21 in the car and on yourself and on Ms. Ray when you entered the
22 United States from Mexico?
23         THE DEFENDANT:  Yes.
24         THE COURT:  And did you have an agreement with Ms.
25 Ray and maybe some other people that the two of you were going

1   to deliver the cocaine and methamphetamine to another person
2   in the United States?
3        (Attorney-client discussion away from microphone.)
4           MR. HILSCHER:  Your Honor, can we change the question
5   to did Ms. Wilkins know that the drugs were destined to
6   another person in the United States but that she did not know
7   who that person was?
8           THE COURT:  Absolutely.
9        The knowing who it was isn't really important, but the
10  main thing is that you knew that the drugs that were in the
11  car were going to be delivered to some other person.  Was that
12  the plan?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Is the government satisfied?
15          MS. QUEZADA:  Yes, Your Honor.
16          THE COURT:  Thank you.
17       Ms. Wilkins, how do you plead to the charge of conspiracy
18  to import cocaine and methamphetamine?
19          THE DEFENDANT:  Guilty.
20          THE COURT:  And, Mr. Hilscher, is there any legal
21  reason why the Court should not accept your client's plea?
22          MR. HILSCHER:  None.
23          THE COURT:  The Court finds that Ms. Wilkins is
24  guilty of conspiracy to import cocaine and methamphetamine.
25  There's a factual basis for that plea.  It was entered into

```
 1  knowingly and voluntarily.
 2        These findings and recommendations are referred to Judge
 3  Soto for his consideration.  The parties have 14 days to file
 4  written objections.  I'll order that a presentence report be
 5  prepared.
 6        Ms. Wilkins, your next hearing is your sentencing
 7  hearing.  It's scheduled in front of Judge Soto on February
 8  16th, 2022, at 11:20 in the morning.
 9        I have a report from Pretrial Services that tells me how
10  you're doing with your conditions.  You've been on supervision
11  for a long time, for 14 months, and you're doing really well.
12  The report says you've been cooperative, you have tested
13  negative for drugs, you successfully completed the mental
14  health treatment which you mentioned yourself, and they are
15  recommending that you be allowed to remain released.
16        What's the government's position?
17              MS. QUEZADA:  No objection, Your Honor.
18              THE COURT:  All right.  Thank you.
19        And is there any record that you wanted to make,
20  Mr. Hilscher?
21              MR. HILSCHER:  No, Your Honor.
22              THE COURT:  All right.  Thank you.
23        Then, Ms. Wilkins, I'm going to order that you remain
24  released on the previously imposed conditions.  It is
25  critically important that you stay in compliance between now
```

1  and sentencing because you're doing so well and your conduct
2  might have a big impact on Judge Soto's sentencing decision.
3  So just keep it going.  Keep up the good work.
4             THE DEFENDANT:  Thank you.
5             THE COURT:  You're welcome.
6       Anything further?
7             MS. QUEZADA:  No, Your Honor.  Thank you.
8             MR. HILSCHER:  Not from my standpoint, Your Honor.
9             THE COURT:  All right.  Thank you very much.  Then
10 you may be excused.
11            MR. HILSCHER:  Thank you.
12            MS. QUEZADA:  Thanks, Judge.  Have a good day.
13            THE COURT:  Thank you.  You too.
14       (Court recessed.)

```
1                           C E R T I F I C A T E
2
3              I, Aaron H. LaDuke, court-approved transcriber,
4    certify that the foregoing is a correct transcript from the
5    official digital sound recording of the proceedings in the
6    above-entitled matter to the best of my ability.
7              Dated this 5th day of January, 2022.
8
9
10                                   _____s/Aaron H. LaDuke_____
                                     Aaron H. LaDuke, RMR, CRR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```