GARY M. RESTAINO
United States Attorney
District of Arizona
ALICIA RENEE QUEZADA
Assistant U.S. Attorney
State Bar No.: 026972
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: alicia.quezada@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 4:20-CR-01968-JAS-2 |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Meghan Taylor Wilkins, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the following Sentencing Memorandum.

The defendant pleaded guilty to conspiracy to import cocaine and methamphetamine, in violation of 21 U.S.C. §§§§ 952(a), 960(a)(1), 960(b)(1)(H) and 963. (PSR, ¶ 3.) The Presentence Report (PSR) indicates a calculation of a total offense level of 31 and places the defendant in Criminal History Category I. (PSR, ¶¶ 25, 29.) The plea stipulates to a range of 108 to 135 months of imprisonment. (PSR, ¶ 73.)  Given the four-level reduction, her range is 70 to 87 months of imprisonment. *Id.* Upon review, the government concurs with these calculations.  The PSR recommends a sentence of 24 months imprisonment followed by a three-year term of supervised release (based on a downward departure). (PSR, p. 14.)  For the following reasons, the government concurs with the recommendation as indicated in the PSR.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

While the defendant has no criminal history, she did engage in a serious drug trafficking offense. Given her age and lack of history, a 24-month term would adequately address the serious nature of the crime.  In order to promote justice and adequately deter future criminal conduct, the government concurs with the calculations along with the sentence as recommended by the probation officer.

Respectfully submitted this 11th day of February, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/Alicia Renee Quezada

ALICIA RENEE QUEZADA
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 11th day of February, 2022, to:

All ECF participants